**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000728
28-SEP-2018
08:06 AM**

NO. CAAP-16-0000728

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF THE APPLICATION OF
JOHN FRANCIS BOWLER and AUGUST AHRENS LIMITED,
GUARDIAN TRUST COMPANY LIMITED, ELIZABETH K.
BOOTH AND OTHERS AND MAGOON ESTATE LIMITED
to register and confirm title to land situate
at Kalia, Waikiki, City and County of Honolulu,
State of Hawai'i, HISAKO KOIWA, Petitioner-Appellant
v. CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS
FUND SOCIETY, FSB, not in its individual capacity
but as trustee of ARLP TRUST 3, a Delaware
statutory trust, Respondent-Appellee

APPEAL FROM THE LAND COURT OF THE STATE OF HAWAI'I
(CASE NO. 1 L.D. 15-1-3762)
(APPLICATION NOS. 537, 570, 830, 1293)

MEMORANDUM OPINION

Petitioner-Appellant Hisako Koiwa (**Koiwa**) appeals from

the Judgment entered on October 12, 2016, by the Land Court of

the State of Hawai'i (**Land Court**) in favor of Respondent-Appellee

Christiana Trust, a Division of Wilmington Savings Fund Society,

FSB (**Trust**) and against Koiwa on all claims.[1]  Koiwa also

challenges the Land Court's August 5, 2016 Order Granting [the

Trust's] Second Motion to Dismiss Verified Petition of Hisako

---

[1]     The Honorable Gary W.B. Chang presided.

Koiwa for Amendment of Land Court Certificate of Title No. 489,503 (**Order Granting Motion to Dismiss**).

I.    BACKGROUND

On October 12, 2015, Koiwa filed a Verified Petition for Amendment of Land Court Certificate of Title 489,503 (**Petition**) seeking to "expung[e] a mortgage interest under Respondent Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as trustee of ARLP Trust 3, a Delaware statutory trust." The Petition states that it was made pursuant to Hawaii Revised Statutes (**HRS**) § 501-138[2] and Rule 63 of the Rules of the Land Court (**RLC**),[3] and contains the following pertinent allegations:

---

[2]    HRS § 501-138 (2006) provides for the discharge of liens on Land Court properties as follows:

§ 501-138. **Discharge or modification of liens to be recorded.** Attachments on mesne process and liens of every description upon registered land shall be continued, reduced, discharged, and dissolved by any method sufficient in law to continue, reduce, discharge, or dissolve like liens on unregistered land. All certificates or other instruments which are permitted or required by law to be recorded in the bureau of conveyances to give effect to the continuance, reduction, discharge, or dissolution of attachments or other liens upon unregistered lands, or to give notice of such continuance, reduction, discharge, or dissolution, shall in the case of like liens upon registered land be filed and registered with the assistant registrar.

[3]    RLC Rule 63 provides as follows:

Rule 63. **Discharge or Modification of Liens.** The continuation, reduction, discharge and dissolution of liens shall be as provided by law (see HRS § 501-138). Every certificate or other instrument which is permitted or required by law to be recorded in the bureau of conveyances to give effect to the continuance, reduction, discharge or dissolution of attachments or other liens upon unregistered lands, or to give notice of such continuance, reduction, discharge or dissolution, may in the case of like liens upon registered land be recorded with the assistant registrar, if it contains a reference to the number of the proper certificate containing the memorandum of the attachment or other liens.

2

● On August 15, 2007, Hisako Koiwa and her late husband, Kunio Koiwa,[4] (together, the **Koiwas**) executed a promissory note for $347,200.00 (**Note**), secured by a mortgage on a leasehold interest in real property located at 2121 Ala Wai Boulevard (**Property**), which is registered in the Office of the Assistant Registrar of the Land Court.[5] The mortgage was executed in favor of Mortgage Electronic Registration Systems (**MERS**), as nominee for Colorado Federal Savings Bank, and was recorded in both the Land Court and the Bureau of Conveyances on August 21, 2007 (**Mortgage**). (A copy of the Mortgage is attached to the Petition.)

● The Trust is the trustee for ARLP Trust 3 which "has [the] alleged mortgage interest in Petitioner's leasehold interests."

● The Koiwas stopped making payments on April 6, 2009. Countrywide Home Loans sent the Koiwas a Notice of Intent to Accelerate, dated April 16, 2009, which informed them of the default and right to cure by May 16, 2009. The Koiwas "did not exercise that right." The date of last payment, April 6, 2009, or the date of the Notice of Intent to Accelerate, April 16, 2009, are, according to Koiwa, the dates triggering the statute of limitations.

---

[4] Kunio Koiwa died on October 18, 2010.

[5] All filings in the Land Court were filed under Certificate of Title No. 489,503.

- On January 20, 2010, BAC Home Loans filed a Notice of Mortgagee's Intention to Foreclose Under Power of Sale (**Notice of Sale**) in the Bureau of Conveyances, which we do not find in the record. Koiwa alleged that "there was no power of sale clause in the Mortgage warranting non-judicial foreclosure."[6]

- On March 21, 2010, and "[i]n commencement of non-judicial foreclosure," the Koiwas vacated the Property, "surrendering possession and control to the alleged trustee of the lender."

- On June 15, 2011, BAC Home Loans filed a Notice of Rescission in the Bureau of Conveyances, canceling the Notice of Sale.

- The Trust "has not foreclosed on the subject property and has failed to mitigate its damages."

- "The six year statute of limitations has expired . . . sometime between April 6, 2015 and April 16, 2015 to claim an interest in the property or upon a promissory note."

- Koiwa alleged that she "is entitled to the amendment of Certificate of Title No. 489,503 or cancellation order to entitle her to an expungement of the Mortgage interest in favor of [the Trust] in Land Court."

---

[6] To the contrary, it appears that the Mortgage that Koiwa attached to her Petition contains a power of sale. Section 22 of the Mortgage provides that if the borrower defaults on the loan and fails to cure, the lender may accelerate the loan and may invoke the power of sale. This page of the Mortgage is initialed at the bottom, apparently by the Koiwas.

4

On February 1, 2016, the Trust filed a motion to dismiss the Petition pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 12(b)(6), and asserted that the Petition failed to allege that "the twenty year limitations period for enforcement of the mortgage has run" pursuant to HRS § 657-31, and therefore, the Land Court lacked a legal basis to "expunge, strike, or otherwise order Lender's mortgage to be released." In sum, the Trust argued that it has twenty years to foreclose on the Mortgage after default, even if a six-year statute of limitations had run on an action to enforce the Note.

Upon further briefing and oral argument, the Land Court agreed with the Trust and in its August 5, 2016 Order Granting the Motion to Dismiss, the court dismissed the Petition on the grounds that "[t]he applicable limitation periods for an action to enforce a mortgage is twenty years" pursuant to HRS § 657-31.

On October 12, 2016, the Land Court entered its Judgment in favor of the Trust on all claims. On October 26, 2016, Koiwa filed a timely notice of appeal therefrom.

II. POINTS OF ERROR ON APPEAL

Koiwa raises four points of error and argues that the Land Court erred in: (1) concluding that the statute of limitations governing real actions applies to modern-day foreclosure; (2) permitting enforcement of the subject mortgage by splitting the note into a personal cause of action and real cause of action; (3) applying Kipahulu Sugar Co. v. Nakila, 20 Haw. 620 (Haw. Terr. 1911), to modern mortgage foreclosure action

5

in light of the Uniform Commercial Code and the Mortgage Foreclosure Act; and (4) not overruling Kipahulu Sugar. Based on the foregoing, Koiwa contends that the Land Court erred in dismissing Koiwa's Petition for failure to state a claim upon which relief can be granted.

III. APPLICABLE STANDARDS OF REVIEW

"A circuit court's ruling on a motion to dismiss is reviewed de novo." Kealoha v. Machado, 131 Hawai'i 62, 74, 315 P.3d 213, 225 (2013) (citing Sierra Club v. Dep't of Transp., 115 Hawai'i 299, 312, 167 P.3d 292, 305 (2007)). It is well-established that:

> A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. [The appellate court] must therefore view a plaintiff's complaint in a light most favorable to him or her in order to determine whether the allegations contained therein could warrant relief under any alternative theory. For this reason, in reviewing [a] circuit court's order dismissing [a] complaint . . . [the appellate court's] consideration is strictly limited to the allegations of the complaint, and [the appellate court] must deem those allegations to be true.

Id. (alterations in original) (quoting County of Kaua'i v. Baptiste, 115 Hawai'i 15, 24, 165 P.3d 916, 925 (2007)).

IV. DISCUSSION

The Petition alleges that Koiwa "is entitled to the amendment of [the Certificate of Title] or [a] cancellation order to entitle her to an expungement of the Mortgage interest in favor of [the Trust] in Land Court," because "the six year statute of limitations has expired for Respondent sometime between April 6, 2015 and April 16, 2015 to claim an interest in the property or upon a promissory note." The Petition was filed

6

pursuant to HRS § 501-138, which does not appear to authorize the Land Court to amend a certificate of title under these circumstances.[7]

It appears, however, that a memorandum[8] may be removed from a certificate of title pursuant to HRS § 501-196, which provides, in relevant part:

> § 501-196. Alterations upon registration book prohibited when; court hearings; limitations. No erasure, alteration, or amendment shall be made upon the registration book after the entry of a certificate of title or of a memorandum thereon, and the approval of the same by the registrar or an assistant registrar except by order of the court recorded with the assistant registrar, provided that the registrar or assistant registrar may correct any clerical error made by personnel of the registrar's or assistant registrar's office. Any registered owner or other person in interest may at any time apply by petition to the court, upon the ground that registered interests of any description, whether vested, contingent, expectant, or inchoate have terminated and ceased . . . . The court shall have jurisdiction to hear and determine the petition after notice to all parties in interest and may order the entry of a new certificate, the entry or cancellation of a memorandum upon a certificate, or grant any other relief upon such terms and conditions, requiring security if necessary, as it may deem proper.

(Emphasis added) (2006); see also HRS § 501-52.[9]

---

[7]     As cited in footnote 2, HRS § 501-138 provides in pertinent part that "liens of every description" upon a Land Court property shall be discharged or dissolved by any method that is legally sufficient to discharge or dissolve such a lien upon unregistered land; it does not articulate the grounds upon which a lien may be "discharged" or "dissolved."

[8]     The registration of a mortgage in the Land Court involves, *inter alia*, placing a memorandum of the mortgage on the certificate of title. See HRS § 501-117 (2006) ("Registration of a mortgage shall be made in the manner following: the mortgage shall be presented to the assistant registrar who shall enter upon the original certificate of title a memorandum of the purport of the mortgage, the time of filing or recording, the document number of the mortgage, and shall sign the memorandum. The assistant registrar shall also note upon the mortgage the time of filing or recording, and a reference to the volume and page of the registration book where it is registered.").

[9]     HRS § 501-52 (2006) provides:

> § 501-52. Powers of the court. The court may make and award all such judgments, decrees, orders, and mandates, issue all such executions, writs of possession, and other
> (continued...)

Here, Koiwa does not cite to any authority supporting the proposition that a registered mortgage interest has "terminated" or "ceased" upon the expiration of a limitation period on bringing an action "to claim an interest in the property or upon a promissory note," and we find none.

We note that a promissory note is "an instrument that evidences a promise to pay a monetary obligation," HRS § 490:9-102 (2008), whereas "[a] mortgage is a conveyance of an interest in real property that is given as security for the payment of the note." Bank of Am., N.A. v. Reyes-Toledo, 139 Hawai'i 361, 367-68, 390 P.3d 1248, 1254-55 (2017) (citing HRS § 490:9-102). The supreme court has explained that "the mortgage and note are two distinct securities, and nothing but payment of the debt will discharge the mortgage." Campbell v. Kamaiopili, 3 Haw. 477, 478 (Haw. Kingdom 1872); see also HRS § 506-8 ("The mortgagee of real property or the record assignee of a mortgage interest shall provide to the mortgagor a release of mortgage upon full satisfaction of the mortgage and discharge of any secured debt.").

Hawai'i courts have allowed or precluded foreclosure of a real property mortgage based on applicable statutes of limitations. See, e.g., Hilo v. Liliuokalani, 15 Haw. 507, 508 (Haw. Terr. 1904); Campbell, 3 Haw. at 478; Kaikainahaole v.

---

[9](...continued)
processes, and take all other steps necessary for the promotion of justice in matters pending before it, and to carry into full effect all powers which are, or may be given to it by law.

Allen, 14 Haw. 527, 528 (Haw. Terr. 1902). Here, however, Koiwa did not seek to prevent the Trust from attempting to foreclose on the Mortgage; instead, she sought to remove the Mortgage from the certificate of title. We do not find a single case, nor does Koiwa cite to one, where a Hawai'i court has removed a mortgage from the chain of title or removed a memorandum of mortgage from a certificate of title on these, or analogous, grounds.

The great weight of authority in other jurisdictions supports the proposition that the statute of limitations is available only as a defense against a foreclosure action, and not as a cause of action. See F. G. Madara, Annotation, Statute of Limitations or Presumption of Payment from Lapse of Time as Ground for Affirmative Relief from Debt or Lien, 164 A.L.R. 1387, Westlaw (Aug. 2018).[10] This doctrine is supported by a number of cases holding that the presumption of payment, arising from lapse of time, can be used only as a shield, not as a basis for affirmative relief. See id. In the absence of a statute to the contrary, a majority of courts hold that a court of equity will not cancel a mortgage on real property where the only ground urged for such relief is that the statute of limitations has run against the right to enforce the encumbrance, while the debt secured remains unpaid in accordance with the equitable maxim that "he who seeks equity must do equity." See id. We agree with this rationale.

---

[10] There are no Hawai'i cases in this annotation.

9

For this reason, we conclude that the Land Court did not err in determining that Koiwa failed to state a claim upon which relief can be granted.

Nevertheless, we address, in the alternative, the issue as it is raised by Koiwa on appeal, *i.e.*, that the Trust is barred from foreclosing on the Mortgage, and therefore, the Land Court erred in refusing to remove the Mortgage from the certificate of title.

"Foreclosure is an equitable action." Peak Capital Grp., LLC v. Perez, 141 Hawai'i 160, 172, 407 P.3d 116, 128 (2017) (citing Hawaii Nat. Bank v. Cook, 100 Hawai'i 2, 7, 58 P.3d 60, 65 (2002)). As to the timeliness of bringing an equitable action, the supreme court has held,

> A court of equity is not bound by the statute of limitations, but, in the absence of extraordinary circumstances, it will usually grant or withhold relief in analogy to the statute of limitations relating to law actions of like character. Under ordinary circumstances, a suit in equity will not be stayed for laches before, and will be stayed after, the time fixed by the analogous statute. If, however, unusual conditions or extraordinary circumstances make it inequitable to do so, a court of equity will not be bound by the statute, but will determine the extraordinary case in accordance with the equities which condition it. When a suit is brought within the time fixed by the analogous statute, the burden is on the defendant to show that extraordinary circumstances exist which require the application of the doctrine of laches. On the other hand, when the suit is brought after the statutory time has elapsed, the burden is on the complainant to establish circumstances making it inequitable to apply laches to his case.

Yokochi v. Yoshimoto, 44 Haw. 297, 300-01, 353 P.2d 820, 823 (1960) (citations omitted).

Koiwa argues that a foreclosure action is "of like character" to "[a]ctions for the recovery of any debt founded upon any contract, obligation, or liability[,]" which are subject

10

to a six year limitation period. HRS § 657-1.[11] The Trust, however, argues that a foreclosure action is "of like character" to an "action to recover possession of any lands, or make any entry thereon," which is subject to a twenty-year limitation period. HRS § 657-31.[12]

As stated above, "[a] foreclosure action is a legal proceeding to gain title or force a sale of the property for satisfaction of a note that is in default and secured by a lien on the subject property." Reyes-Toledo, 139 Hawai'i at 390 P.3d at 1255 (citing HRS § 667-1.5). A promissory note is "an instrument that evidences a promise to pay a monetary obligation," HRS § 490:9-102, whereas "[a] mortgage is a conveyance of an interest in real property that is given as security for the payment of the note." Id. at 367-68, 390 P.3d at 1254-55 (emphasis added) (citing HRS § 490:9-102). The supreme court has long distinguished an action to recover a debt

---

[11]     HRS § 657-1 (2016) provides more fully in relevant part:

§ 657-1. Six years. The following actions shall be commenced within six years next after the cause of action accrued, and not after: (1) Actions for the recovery of any debt founded upon any contract, obligation, or liability, excepting such as are brought upon the judgment or decree of a court; excepting further that actions for the recovery of any debt founded upon any contract, obligation, or liability made pursuant to chapter 577A shall be governed by chapter 577A;

[12]     HRS § 657-31 (2016) provides,

§ 657-31. Twenty years. No person shall commence an action to recover possession of any lands, or make any entry thereon, unless within twenty years after the right to bring the action first accrued.

or enforce a promissory note from an action to foreclose a mortgage.

In <u>Hilo v. Liliuokalani</u>, 15 Haw. 507 (Haw. Terr. 1904), the supreme court considered an appeal from a decree dismissing a bill for an injunction against the foreclosure of two mortgages on real property. One issue presented was whether the foreclosure of the mortgages were barred by lapse of time because a statute of limitation barred "[a]ctions on the notes." <u>Id.</u> at 508. The court held that an action to foreclose a mortgage on land is not time-barred because an action to recover on the underlying note is barred by the statute of limitations. <u>Id.</u> Specifically, the supreme court stated:

> [A] contention is that the foreclosure of the mortgage was barred by lapse of time. The notes secured by the mortgages, dated in 1878 and 1879 respectively, were for four years and one year respectively. Actions on the notes were of course barred long ago by the statute, there having been nothing to take them out of the statute or keep them alive.[13] But that did not bar the remedy against the land. <u>See</u> <u>Campbell v. Kamaiopili</u>, 3 Haw. 477; <u>Kaikainahaole v. Allen</u>, 14 Haw. 527.[14] The remedy at law against the

---

[13]    Presumably, by "the statute" the Court was referring to the six-year statute of limitation for "[a]ctions for the recovery of any debt founded upon any contract, obligation or liability." <u>See</u> Civil Laws of the Hawaiian Islands (1897) § 1287 (1), at 506. And by "nothing to take them out of the statute or keep them alive," presumably, the Court was referring to various exceptions which affect tolling and accrual of statutes of limitations. <u>E.g.,</u> <u>id.</u> § 1291, at 507 (tolling rules for disabled persons).

[14]    In <u>Campbell v. Kamaiopili</u>, 3 Haw. 477 (Haw. Kingdom 1872), the complainants, assignees of a mortgage of real estate, brought a bill of foreclosure against the mortgagor's heirs who asserted that a statute barred the foreclosure, which required creditors to bring claims against estates of decedents, including claims "secured by mortgage on real estate," within six months from the publication of a notice. <u>Id.</u> at 478 (internal quotation marks omitted). The supreme court held that this statute did not bar the foreclosure action as it only barred "[t]he remedy on the mortgage note," and not "the remedy against the land by foreclosure of the mortgage." <u>Id.</u> at 478. The court reasoned that "<u>as the mortgage and note are two distinct securities, and nothing but payment of the debt will discharge the mortgage</u>, it follows that the mortgage is not barred, as the statute only refers to claims secured by mortgage, and not to the mortgage itself." <u>Id.</u> (emphasis added); <u>see</u> <u>also</u>
(continued...)

12

> land, however, would be barred by the period applicable to real actions, and while, strictly speaking, the statute is not applicable to suits in equity, yet equity follows it by analogy . . . .

Id. (citations omitted).

The supreme court arrived at the same conclusion in Kipahulu Sugar, 20 Haw. 620. There, the issue was "whether the mortgage was extinguished or barred by reason of the fact that the statute of limitations had run against the note." Id. at 621. The Kipahulu Sugar court rejected the defendant's argument that Hilo should be overruled; the court noted that the principle that "[t]he remedy at law against the land" is barred by the period applicable to real actions was approved in later cases. See id. (citations omitted). The court also observed that this is also the doctrine of many state courts. Id. The court went on to hold as follows:

> The statute that applies, in equity, by analogy, is that which limits the time within which a right of entry upon lands may be enforced. A presumption of payment arises from the adverse possession of the mortgagor for the period prescribed by that statute. 2 Jones on Mortgages (5th ed.), Sec. 1192 et seq. *Hilo v. Liliuokalani*, supra.
>
> In the case at bar the statute has run against the note, but the period prescribed for the recovery of land has not expired. The plaintiff was, therefore, entitled to a decree of foreclosure.

Id. at 621 (citations omitted).[15]

---

[14](...continued)
Kaikainahaole v. Allen, 14 Haw. 527, 529 (Haw. Terr. 1902) (upholding the dismissal of a bill for an injunction against foreclosure on the same grounds and declining to overrule Campbell).

[15]     The Kipahulu Sugar court nonetheless reversed in part and remanded the foreclosure decree, concluding that it was erroneous in that it provided for the entry of a deficiency judgment against the mortgagor should the sale proceeds be insufficient. The court reasoned, "[t]o allow a deficiency judgment would virtually be to enforce payment of the defendant's note, action upon which is, concededly, barred." 20 Haw. at 622.

Koiwa argues that Kipahulu Sugar, and cases decided in the 1900s are distinguishable because Hawai'i has since "adopted the [Uniform Commercial Code] which has a six year statute of limitations to bring an action on a promissory note," under HRS § 490:3-118. However, as the Trust points out, Koiwa does not identify how the enactment of HRS § 490:3-118, or any other developments in the law since Kipahulu Sugar was decided, weakens the holding therein. Nor does Koiwa explain how "modern mortgage foreclosures" differ materially from foreclosures in 1911. Koiwa does not explain how any developments under Hawai'i's Foreclosures statute, HRS chapter 667, impacts our analysis.

Koiwa asserts that, "[u]nder the common law, entry can take place when another person who has no right to the property takes possession but in modern foreclosures, the mortgagor owns the property until the judicial sale is confirmed." Koiwa ignores that, just like today, in the early 1900's, the mortgagor retained ownership of the property until the foreclosure was complete. For example, in Hilo v. Liliuokalani, 15 Haw. at 508, the mortgagee argued that the mortgagor's bill for an injunction against a foreclosure of real property should be dismissed because the mortgagee had entered the property, and thus the mortgage had "been foreclosed by entry." The Hilo court held that the mortgage had not been foreclosed because, under the law at the time affording a one-year redemption period, the foreclosure was not complete as entry occurred two months prior to suit, not one year. Id. Therefore, the mortgagee could be

14

"enjoined against continuing that attempt at foreclosure." <u>Id.</u> at 508. Thus, <u>Kipahulu Sugar</u> is not distinguishable on this basis.

Koiwa further attempts to distinguish <u>Kipahulu Sugar</u> on the basis that the court relied on authority of other jurisdictions and today, "many states now bar foreclosure when the action on the note is barred." Koiwa neither identifies any particular legal authority that the <u>Kipahulu Sugar</u> court relied on that is invalid nor presents any further authority in support of this point.

Koiwa argues that the "common law meaning" of an action for entry on land illustrates that HRS § 657-31 is not analogous to a foreclosure action, and relies on the supreme court's description of "common law entry" in <u>Sylva v. Wailuku Sugar Co.</u>, 19 Haw. 681, 682 (Haw. Terr. 1909). In <u>Sylva</u>, the supreme court was asked to interpret an instruction, presumably used at trial in an adverse possession action. <u>Id.</u> The issue presented was whether the word "entry" for the purposes of an adverse possession instruction required dispossessing the owner. <u>Id.</u> The court held that it did and had this to say about the predecessor to HRS § 657-31:[16]

---

[16] The 1905 Revised Session Laws of the Territory of Hawaii, § 1988 provided:

> **Sec. 1988. Ten years.** No person shall commence an action to recover possession of any lands, or make any entry thereon, unless within ten years after the right to bring such action, first accrued.

<u>See</u> <u>id.</u> at 782.

15

> [I]n requiring that no person shall make an entry upon any land unless within ten years after the right to bring an action to recover possession of it first accrued, means that the entry must be made within the time named and not after and implies that the person entitled to possession was ousted by the disseizor or otherwise, for if in possession he would have no occasion to "recover" it.

Id. at 683. However, relying on Sylva for the proposition that HRS § 657-31 is not analogous in a foreclosure action ignores that the supreme court held exactly that in cases decided before and after the supreme court's 1909 decision in Sylva. See Hilo, 15 Haw. 507; Kipahulu Sugar Co., 20 Haw. 620. We conclude that Sylva is inapposite.

Koiwa also argues that "the right of entry is not analogous to a foreclosure because the mortgagee does not enter upon land." Koiwa disregards that the determinative issue is not the method of the foreclosure or the purpose of the security interest, but rather the fact that a mortgage is a conveyance of a real property interest, which allows the mortgagee to sell and take possession of the property. See Reyes-Toledo, 139 Hawai'i at 367-68, 390 P.3d at 1254-55. This is what makes the statute of limitations on actions "to recover possession of any lands, or make any entry thereon," under HRS § 657-31 most analogous to a foreclosure action, as opposed to an action to recover a debt, as held by the supreme court cases discussed above.

Lastly, Koiwa argues that applying a different limitations period to a foreclosure action and an action to recover on the note violates the prohibition against splitting a cause of action. Again, this argument ignores the supreme court precedent in Hilo and Kipahulu Sugar which provides that a

16

mortgagee may foreclose on the mortgage after the statute of limitations has run on an action to recover on the underlying note, except that the mortgagee is not entitled to a deficiency judgment against the debtor. See Kipahulu Sugar, 20 Haw. at 622.

In sum, we reject Koiwa's argument that the Land Court erred in: (1) concluding that the statute of limitations governing real actions applies to modern-day foreclosure; (2) permitting enforcement of the subject mortgage by splitting the note into a personal cause of action and real cause of action; (3) applying Kipahulu Sugar to a modern mortgage foreclosure action in light of the Uniform Commercial Code and the Mortgage Foreclosure Act; and (4) not overruling Kipahulu Sugar.[17]

V. CONCLUSION

For the foregoing reasons, we affirm the Land Court's August 5, 2016 Order Granting Motion to Dismiss.

---

[17] The Hawai'i Supreme Court's decision in Kipahulu Sugar, which directly addresses the issue presented here, is binding upon this court, as well as the Land Court. See, e.g., State v. Jim, 105 Hawai'i 319, 331, 97 P.3d 395, 407 (App. 2004) (stare decisis requires inferior courts to adhere to legal decisions made by court of last resort).

DATED: Honolulu, Hawai'i, September 28, 2018.

On the briefs:

Junsuke Aaron Otsuka,
Shelby Taguma,
(Otsuka & Associates)
for Petitioner-Appellant,
HISAKO KOIWA.

Peter T. Stone,
Robin Miller,
(TMLF HAWAII, LLLC)
for Respondent-Appellee,
CHRISTIANA TRUST, A DIVISION OF
WILMINGTON SAVINGS FUND SOCIETY,
FSB, not in its individual
capacity but as trustee of
ARLP TRUST 3

Chief Judge

Associate Judge

Associate Judge